UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-cr-27-REW-HAI |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| NATHAN STEWART, | ) | |
| | ) | |
| Defendant. | | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

After conducting Rule 11 proceedings, *see* DE 30 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Nathan Stewart's guilty plea and adjudge him guilty of Count 1 of the Indictment (DE 1).  *See* DE 31 (Recommendation); *see also* DE 26 (Plea Agreement).  Judge Ingram expressly informed Stewart of his right to object to the recommendation and secure *de novo* review from the undersigned.  *See* DE 31 at 2–3.  The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 31, **ACCEPTS** Stewart's guilty plea, and **ADJUDGES** Stewart guilty of Count 1 of the Indictment.

2. The Court will issue a separate sentencing order.[1]

   This the 30th day of July, 2025.



**Signed By:**

*__Robert E. Wier__*

**United States District Judge**

---

[1] Judge Ingram remanded Stewart to custody post-plea, which preserved his status following arraignment. *See* DE 30; DE 8. As such, Stewart will remain in custody pending sentencing, subject to intervening orders.